ELISA J. STEWART, State Bar #219557
WENDY E. MUSELL, State Bar #203507
STEWART & MUSELL, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone:     (415) 274-0700
Facsimile:     (415) 520-0920
estewart@stewartandmusell.com
wmusell@stewartandmusell.com

Attorneys for Plaintiff
Tony Nguyen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TONY NGUYEN,<br><br>               PLAINTIFF,<br><br><br><br><br>v.<br><br><br><br><br>CITY AND COUNTY OF SAN FRANCISCO; SGT. FLINT T. PAUL, LIEUTENANT IM, OFFICERS GALLIGAN, DUDLEY, GILMAN, SHIH and MORALES, in their individual and official capacity, DOES 1-20,<br><br>             DEFENDANTS | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of Civil Rights (42 U.S.C. § 1983);<br><br>2. Municipal Liability for Violation of Civil Rights (42 U.S.C. § 1983);<br><br>3. Negligent Training, Retention and Hiring;<br><br>4. Assault;<br><br>5. Battery;<br><br>6. False Arrest; and<br><br>7. Intentional Infliction of Emotional Distress.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TONY NGUYEN ("Plaintiff"), by and through his attorneys, makes the following allegations, based on information and belief to support this Complaint:

//

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

**INTRODUCTION**

1.    This action is brought by Plaintiff TONY NGUYEN (hereinafter "NGUYEN" or "PLAINTIFF") against Defendants for violations of 42 U.S.C. § 1983; and common law tort claims.

2.    On or about June 27, 2015, PLAINTIFF was attending gay pride festivities with friends.  After finishing eating in a local San Francisco restaurant, PLAINTIFF stepped out of the restaurant and was drawn to a large crowd.  PLAINTIFF saw a woman being handled by DEFENDANT CITY and COUNTY OF SAN FRANCISCO ("CITY") law enforcement officers in a manner that appeared unnecessary and excessively forceful.  The woman was screaming.  PLAINTIFF approached DEFENDANT SGT. FLINT PAUL (Star 648) ("DEFENDANT PAUL") to express his concern that the force being used on the woman was excessive.  DEFENDANT PAUL immediately and forcibly pushed PLAINTIFF away, simultaneously grabbed his arm and neck, swung him around and slammed him face down into a nearby marked police vehicle.  Thereafter, PLAINTIFF was taken to the ground, arrested and taken into custody.  Police reports were markedly inconsistent with video footage of PLAINTIFF'S contact with said law enforcement.

3.    Officer Galligan (Star #860) and Officer Dudley (Star #1497) participated in the false arrest of PLAINTIFF and transported him to Mission Station.

4.    Officer Gilman (Star #483) and Officer Shih (Star #2089) participated in the misconduct.  Officer Gilman wrote a false report detailing PLAINTIFF'S arrest.

5.    Lieutenant Im, #2096, participated in the misconduct, supervised it, and condoned it.

6.    Officer Morales, #1903, reviewed and approved the false reports made by officers.

**JURISDICTION AND VENUE**

7.    <u>Jurisdiction</u>:  This case arises under, *inter alia*, violations of 42 U.S.C. §1983.  Jurisdiction in this Court is proper based on 28 U.S.C. §1331.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

1    8.    <u>Venue</u>:  Venue is proper in the Northern District of California pursuant to 28

2    U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims

3    occurred in the Northern District of California.

4    9.    <u>Intradistrict Assignment</u>:  This case is properly assigned to the San Francisco

5    Division of the Northern District of California pursuant to Northern District of California Local

6    Rule 3-2(c) because a substantial part of the events or omissions giving rise to Plaintiff's claims

7    occurred in San Francisco County.

8    **<u>PARTIES</u>**

9    10.    At all relevant times, PLAINTIFF TONY NGUYEN, a natural person, was

10    residing in California.

11    11.    PLAINTIFF is informed and believes and thereon alleges that at all relevant

12    times, DEFENDANT CITY AND COUNTY OF SAN FRANCISCO is a California public

13    entity responsible for law enforcement within the City and County of San Francisco.

14    12.    Upon information and belief, Defendant Sergeant Flint T. Paul is a resident of the

15    State of California and of this judicial district. At all relevant times herein, Paul was a SFPD

16    Sergeant acting under color of law and in his individual capacity within the scope of

17    employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the

18    City and County of San Francisco and the State of California.

19    13.    Upon information and belief, Defendant Officer Galligan is a resident of the State

20    of California and of this judicial district. At all relevant times herein, Galligan was a SFPD

21    Officer acting under color of law and in his individual capacity within the scope of employment

22    pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and

23    County of San Francisco and the State of California.

24    14.    Upon information and belief, Defendant Officer Dudley is a resident of the State

25    of California and of this judicial district. At all relevant times herein, Dudley was a SFPD

26    Officer acting under color of law and in his individual capacity within the scope of employment

27    pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and

28    County of San Francisco and the State of California.

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No.: _____

15.     Upon information and belief, Defendant Officer Gilman is a resident of the State of California and of this judicial district. At all relevant times herein, Gilman was a SFPD Officer acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

16.     Upon information and belief, Defendant Officer Shih is a resident of the State of California and of this judicial district. At all relevant times herein, Shih was a SFPD Officer acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

17.     Upon information and belief, Defendant Lieutenant Im is a resident of the State of California and of this judicial district. At all relevant times herein, Im was a SFPD Officer acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

18.     Upon information and belief, Defendant Officer William Morales is a resident of the State of California and of this judicial district. At all relevant times herein, Morales was a SFPD Officer acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

19.     DEFENDANTS are, and at all times herein mentioned were, the agents, employees or representatives of each other DEFENDANT.  DEFENDANTS PAUL, GALLIGAN, DUDLEY, GILMAN, SHIH, IM, AND MORALES and DOES 1-20 are natural persons.  DEFENDANTS PAUL, GALLIGAN, DUDLEY, GILMAN, SHIH, IM, AND MORALES and DOES 1-20 are sued in both their individual and official capacities.

20.     PLAINTIFF is unaware of the true identities and capacities of DEFENDANT DOES 1-20, and for that reason sues those defendants by fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is in

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

some manner and to some extent liable for the injuries alleged in the Complaint.  PLAINTIFF will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named defendants when they are determined.

21.     PLAINTIFF is informed and believes and thereon alleges that each defendant is, and at all times mentioned was, the agent, employee or representative of each other defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

22.     PLAINTIFF is informed and believes and thereon alleges that all defendants, at all relevant times to the allegations herein, acted under the color of state law, and each defendant, except the CITY OF SAN FRANCISCO, is sued in his official and individual capacity.  Liability under California law for all government employees is based upon Government Code Section820 and Civil Code Sections 52 and 52.1.  Liability under federal law for all public entity employees is based upon 42 U.S.C. § 1983.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

23.     In accordance with the appropriate regulations, codes, and statutes, the PLAINTIFF has exhausted his administrative remedies by filing timely tort claims with the City and County of San Francisco.  Although not required, Plaintiff also filed citizen complaints at the relevant law enforcement agencies.

### FACTS COMMON TO ALL COUNTS

24.     PLAINTIFF was deprived of an interest protected by the Constitution or laws of the United States, and defendants, and each of them, caused such deprivation while acting under color of state law.

25.     PLAINTIFF is informed and believes and thereon alleges that all acts or omissions alleged to have been engaged in by any defendant are alleged to have been engaged in with unlawful motive and intent, and/or in callous, reckless and wanton disregard to the rights of PLAINTIFF.

26.     PLAINTIFF is informed and believes and thereon alleges the following:

Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

On or about June 27, 2015, PLAINTIFF was attending gay pride festivities with friends. After finishing eating in a local San Francisco restaurant, PLAINTIFF stepped out of the restaurant and was drawn to a large crowd.  PLAINTIFF saw a woman being handled by DEFENDANT CITY law enforcement officers in a manner that appeared unnecessary and excessively forceful.  The woman was screaming.

27.     PLAINTIFF approached DEFENDANT PAUL to express his concern that the force being used on the woman was excessive.  DEFENDANT PAUL immediately and forcibly pushed PLAINTIFF away, simultaneously grabbed his arm and neck, swung him around and slammed PLAINTIFF face down into a nearby marked police vehicle.  Thereafter, PLAINTIFF was taken to the ground, arrested, taken into custody and cited for resisting arrest and assaulting a peace officer.

28.     DEFENDANTS GALLIGAN and DUDLEY placed PLAINTIFF in a police vehicle after he was beaten by DEFENDANT PAUL and brought PLAINTIFF to Mission Street to be booked for crimes PLAINTIFF did not commit.

29.     DEFENDANT IM was present at the scene, observed, supervised, and condoned the behavior of officers.

30.     DEFENDANT GILMAN wrote a police report in this matter, which report was reviewed and approved by DEFENDANT MORALES.  This police report was markedly inconsistent with video footage of PLAINTIFF'S contact with said law enforcement.

31.     No criminal charges were filed against PLAINTIFF.

32.     PLAINTIFF is informed and believes and thereon alleges that supervisory officials of the SFPD failed to properly train, hire, retain and supervise the SFPD officers, DEFENDANT OFFICER GALLIGAN, DEFENDANT OFFICER DUDLEY, DEFENDANT LIEUTENANT IM, DEFENDANT OFFICER MORALES, DEFENDANT OFFICER GILMAN, DEFENDANT OFFICER SHIH, including DEFENDANT SGT. PAUL and DOES 1-20 who caused PLAINTIFF'S damages.

33.     As a result of the acts described herein, PLAINTIFF has suffered physical, mental and emotional injuries.  PLAINTIFF has also suffered pain and suffering and mental and

emotional anguish.

34.     PLAINTIFF is informed and believes and thereon alleges that at the time of the incident, DEFENDANT CITY through its law enforcement agency, the San Francisco Police Department, and acting through its officials and employees, maintained, fostered and condoned an official policy, practice or custom of deliberate indifference to the actions of its officers in effecting arrests, which was a direct cause of PLAINTIFF'S damages.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS' policy, custom and practice of deliberate indifference to the rights and safety of arrested suspects, includes, among other things: DEFENDANTS' deliberate failure to properly supervise, hire, and train employees of the SFPD officers including DEFENDANTS SGT. PAUL, GALLIGAN, DUDLEY, GILMAN, SHIH, MORALES, AND LT.IM, and DOES 1-20 who are prone to violating the rights of suspects and breaking the law.

35.     PLAINTIFF is further informed and believes and thereon alleges that the above described official customs, policies or practices and actions of the DEFENDANTS constituted deliberate indifference to the constitutional and statutory rights of persons, such as PLAINTIFF. PLAINTIFF is further informed and believes and thereon alleges that this official policy, practice or custom and/or DEFENDANTS' actions and omissions were a direct and proximate cause of PLAINTIFF'S damages.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983

## (AGAINST DEFENDANTS PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH AND DOES 1-20)

36.     PLAINTIFF hereby incorporates paragraph 1 through 22 as though fully set forth herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this Complaint except those that are inconsistent with a cause of action for a violation of 42 U.S.C. § 1983.

37.     At all times herein mentioned 42 U.S.C. § 1983 was in full force and effect and

Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

was binding upon DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20.  Said section prohibits actions under color of state law that perpetrates the deprivation of and/or denial of federally protected rights.  At all times herein mentioned, DEFENDANT were state actors acting under color of state law.

38.    In committing the acts complained of herein, DEFENDANTS acted under color of state law to deprive and/or deny PLAINTIFF of his rights, privileges and immunities under the Constitution of the United States and laws enacted thereunder.  DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20 wrongful conduct in illegally, deliberately or with deliberate indifference to PLAINTIFF'S rights and safety by grabbing him by the arm and neck, swinging him around, slamming him into a marked police vehicle and subsequently taking him down to the ground in the process of arresting him, despite his not resisting their efforts to arrest him in any way, without probable cause or due process in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  Such conduct is re-dressable pursuant to 42 U.S.C. § 1983 including, but not limited to:  a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right not to be deprived of property without due process of law.

39.    As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort and pain and suffering all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

40.    As a further direct and proximate result of DEFENDANTS' violation of the 42 U.S.C. § 1983, PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown

Case No.: _____

to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

41.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANT PAUL and DOES 1-20 was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS, for which DEFENDANTS are liable to PLAINTIFF.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1983
### (MUNICIPAL LIABILITY)
### (AGAINST CITY)

42.     PLAINTIFF hereby incorporates paragraph 1 through 41 as though fully set forth herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this Complaint except those that are inconsistent with a cause of action for a violation of 42 U.S.C. § 1983.

43.     At all times herein mentioned 42 U.S.C. § 1983 was in full force and effect and was binding upon DEFENDANT.  Said section prohibits actions under color of state law that that perpetrates the deprivation of and/or denial of federally protected rights.  At all times herein mentioned, DEFENDANT and its agents were state actors acting under color of state law.

44.     In committing the acts complained of herein, DEFENDANT acted under color of state law to deprive and/or deny PLAINTIFF of constitutionally protected rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to:  a) the right not to be deprived of liberty without due process of law; and b) the right not to be deprived of property without due process of law.  In particular, DEFENDANT PAUL and DEFENDANT DOES 1-20 violated PLAINTIFF'S rights by, among other things, acted

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

deliberately or with deliberate indifference to PLAINTIFF'S rights and safety by grabbing him by the arm and neck, swinging him around, slamming him into a marked police vehicle and subsequently taking him down to the ground in the process of arresting him, despite his not resisting their efforts to arrest him in any way, without probable cause or due process in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45.     At all times herein mentioned, DEFENDANTS CITY knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have a propensity for violence, dishonesty, and additional abuses of their duties as peace offices in the employment of the City of San Francisco.

46.     DEFENDANTS CITY knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs set forth above by, among other things, failing and refusing to investigate or discipline police officers known to have repeatedly violated the constitutional rights of suspects. Additionally, DEFENDANTS CITY are charged with deliberate indifference and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 12 658, 98 S.Ct. 2019 (1978), are liable for all injuries and damages sustained by PLAINTIFF.

47.     PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, DEFENDANTS CITY acting through the San Francisco Police Department and through the individual DEFENDANTS maintained policies, practices, customs and usages permitting, encouraging, ratifying or tacitly sanctioning the use of unnecessary and unreasonable force, and acting with reckless indifference to the rights of members of the public by, among other things:

a.  failing to properly train officers on matters regarding the proper use of force;

b.  failing to discipline officers known to have a propensity for

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

violence, the use of unnecessary and unreasonable force, and/or discrimination

against individuals on the basis of race, ancestry, national origin or gender;

c.  continuing to assign such officers to duties where they are likely to,

and indeed do, injure members of the public;

d.  covering up the abuse of unnecessary force by its officers and

thereby conveying to them its approval and/or lack of concern about police

violence;

e.  refusing to adequately discipline individual officers and employees

found to have committed similar acts of abuse and misconduct;

f.  refusing to investigate competently and impartially allegations of

abuse and misconduct alleged to have been committed by members of SFPD;

g.  reprimanding, threatening, intimidating, demoting and firing

officers who reported acts of abuse by other officers;

h.  covering up acts of misconduct and abuse by members of SFPD;

i.  rewarding police officers who displayed aggressive and abusive

behavior towards members of the public; and

j.  sanctioning, condoning and approving a department wide code of

silence, a euphemism for perjury and dishonesty by peace officers.

48.  Plaintiff is informed and believes and thereon alleges that on or about June 27,

2015, and for some time prior thereto, DEFENDANT CITY knew or should have known, that

the defendant officers involved in the incident had propensities for violence and for abusing their

authority but that DEFENDANT CITY failed to train, supervise, discipline, and ratified,

authorized or directed the violent acts and abuses of power committed by these officers.  Despite

its knowledge, DEFENDANT CITY failed to take remedial action.

49.  Additionally, DEFENDANT CITY knew or should have known, more

specifically of DEFENDANT PAUL'S propensity to engage in misconduct of the type alleged

herein.  Despite its knowledge of such misconduct, DEFENDANT CITY failed to take remedial

action.

Case No.: _____

50.      It was the policy, practice, custom and/or usage of DEFENDANT CITY to inadequately and properly investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by DEFENDANT CITY.

51.      It was the policy, practice, custom and/or usage of DEFENDANT CITY to inadequately train, supervise and discipline its law enforcement officers, including the DEFENDANT officers, thereby failing to adequately discourage further constitutional violations on the part of its law enforcement officers.

52.      As a result of the above described policies, practices, customs and/or usages, law enforcement officers of DEFENDANT CITY, including DEFENDANT officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53.      The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of policymakers of DEFENDANT CITY to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of PLAINTIFF'S rights alleged here,

54.      As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort and pain and suffering all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

55.      As a further direct and proximate result of DEFENDANTS' violation of the 42 U.S.C. § 1983, PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT as set forth below.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

**THIRD CLAIM FOR RELIEF**

**NEGLIGENT HIRING, RETENTION AND SUPERVISION**

**(AGAINST CITY)**

56.     PLAINTIFF hereby incorporates paragraph 1 through 55 as though fully set forth herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this Complaint except those that are inconsistent with a cause of action for negligent hiring, retention and supervision.

57.     PLAINTIFF is informed and believes and thereon alleges that on or about June 27, 2015 and for some time prior thereto, DEFENDANTS CITY and DOES 1-20, knew or should have known that its employees were recklessly indifferent to the personal rights and well-being of persons with whom they came into contact, including PLAINTIFF, and that they had a propensity for violence, discrimination and/or abusing their authority.

58.     DEFENDANT CITY knew or should have known that DEFENDANTS PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DEFENDANTS DOES 1-20 were unfit for their positions because of inappropriate conduct, the use of excessive force, perpetrating false arrests and falsifying evidence to conceal their unlawful conduct.  DEFENDANT CITY knew or should have known that DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20 required supervision and/or discipline, including but not limited to termination of employment, in order to curb the wrongful conduct described herein.  PLAINTIFF asserts this cause of action against DEFENDANT CITY based on vicarious liability, not direct liability.

59.     At all times relevant herein, said DEFENDANTS, and each of them, knew, or in the exercise of reasonable care should have known, that unless they intervened to protect PLAINTIFF, and adequately supervised, prohibited, controlled, regulated, disciplined and/or otherwise penalized the improper conduct, acts and omission of the offending employee as

Page 13

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

described herein, DEFENDANTS' failure to so protect, supervise and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, worsening and continuing said conduct, acts and failures to act, thereby subjecting PLAINTIFF to personal injury and emotional distress.

60.     At all times relevant herein, DEFENDANTS, and each of them, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline and /or penalize the conduct of all other DEFENDANTS and/or offending supervisors, agents, or employees as described herein above.

61.     Despite said knowledge, power and duty, DEFENDANTS, and each of them, negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize the offending conduct described above, or to otherwise protect PLAINTIFF from such conduct.

62.     As a direct and proximate result of the negligent hiring, retention, and supervision of DEFENDANTS CITY and DOES 1-20 and other employees named herein, and each of them, as described above, PLAINTIFF has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort and pain and suffering.

63.     As a direct and proximate result of the negligent hiring, retention, and supervision of DEFENDANT CITY and DOES 1-20 and other employees named herein, and each of them, as described above, PLAINTIFF has been compelled to retain the services of counsel in an effort to seek redress for DEFENDANTS unlawful conduct and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT as set forth below.

//

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

**FIFTH CLAIM FOR RELIEF**

**ASSAULT**

(**AGAINST PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH AND DOES 1-20**)

64.     By this reference, Plaintiff hereby incorporates paragraphs 1-63 of this document as if they were set forth herein within this cause of action.  Plaintiff also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for assault.

65.     DEFENDANT SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20 acted and threatened to touch PLAINTIFF intending to cause harmful or offensive conduct.

66.     PLAINTIFF reasonably believed that he was about to be touched and ultimately was touched, in a harmful or offensive manner.

67.     PLAINTIFF did not consent to DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20'S conduct.

68.     As a direct and proximate result of DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20's assault on PLAINTIFF, PLAINTIFF has suffered and will continue to suffer embarrassment, humiliation and mental anguish and emotional and physical distress.

**WHEREFORE**, PLAINTIFF prays for judgment as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**

**BATTERY**

(**AGAINST PAUL AND DOES 1-20**)

69.     PLAINTIFF hereby incorporates paragraph 1 through 68 as though fully set forth herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this Complaint except those that are inconsistent with a cause of action for battery.

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

70.     DEFENDANTS PAUL and DOES 1-20 touched PLAINTIFF with the intent to harm or offend him.

71.     PLAINTIFF did not consent to DEFENDANTS PAUL and DOES 1-20'S conduct.

72.     As a direct and proximate result of the battery perpetrated by DEFENDANTS SGT. PAUL and DOES 1-20, and each of them, as described above, PLAINTIFF has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort and pain and suffering.

73.     As a direct and proximate result of the battery perpetrated by DEFENDANTS SGT. PAUL and DOES 1-20 and each of them, as described above, PLAINTIFF has been compelled to retain the services of counsel in an effort to seek redress for DEFENDANTS unlawful conduct and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT as set forth below.

## SIXTH CLAIM FOR RELIEF

### FALSE ARREST

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

74.     PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 73, inclusive, as though fully set forth herein.

75.     On or about June 17, 2015, PLAINTIFF was seized by DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20 and subsequently placed into custody and forcibly transported.  DEFENDANTS at all times were working within the course and scope of their employment with DEFENDANT CITY.  PLAINTIFF is informed and believes and thereon alleges that these acts were done falsely and maliciously and without warrant, probable cause, order of commitment or any other legal authority of any kind.

76.     As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort and pain and suffering, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

77.     As a further direct and proximate result of DEFENDANTS' false arrest of PLAINTIFF, PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit pursuant to, but not limited by, Cal. Civ. Pro. Sec. 1021.5.

78.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANTS PAUL and DOES 1-20 was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS, for which DEFENDANTS are all liable to PLAINTIFF.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

### SEVENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

79.     PLAINTIFF alleges and incorporate by reference Paragraphs 1 through 78 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for intentional infliction of emotional distress.

80.     PLAINTIFF asserts this cause of action against all DEFENDANTS CITY and

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

Case No.: _____

DOES 1-20 based on vicarious liability, not direct liability.

81.    As to DEFENDANT SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH, PLAINTIFF asserts this cause of action based on a theory of direct liability.

82.    The conduct set forth herein above by DEFENDANTS was extreme and outrageous.  Said conduct was intended to cause and did cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress.

83.    As a proximate result of said conduct, PLAINTIFF has suffered and continues to suffer anxiety, depression, humiliation and embarrassment.  Plaintiff has further suffered physical symptoms including but not limited to upset stomach, loss of appetite, sleeplessness and headaches.  Plaintiff will continue to suffer serious emotional distress in the future in an amount according to proof.

84.    PLAINTIFF is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by DEFENDANTS was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF'S rights.  As a result, PLAINTIFF is entitled to recover punitive damages against DEFENDANTS SGT. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH and DOES 1-20 as allowable under law.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF demands judgment against all DEFENDANTS as follows:

a.    That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

b.    That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

c.    That PLAINTIFF has and recovers a judgment against DEFENDANTS SGT.

Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

FLINT T. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH, for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS SGT. FLINT T. PAUL, OFFICER GALLIGAN, OFFICER DUDLEY, LIEUTENANT IM, OFFICER MORALES, OFFICER GILMAN, OFFICER SHIH;

d.     That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and expert fees;

e.     That PLAINTIFF has and recovers a judgment against DEFENDANTS enjoining DEFENDANTS from engaging in each of the unlawful practices set forth in this Complaint;

f.     That PLAINTIFF obtain injunctive relief;

g.     That PLAINTIFF recovers pre-judgment and post-judgment interest; and

h.     That PLAINTIFF has such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: May 13, 2016                     Respectfully submitted,

STEWART & MUSELL, LLP

_/s/ Elisa J. Stewart_____
Elisa J. Stewart
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.: _____

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104